IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AYDIN AGHDASHLOO, an individual** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:21-cv-03618 |
| v. | : | |
| | : | Chief Judge Algenon L. Marbley |
| | : | |
| **MOHSEN PARVARESH MOHSENI** | : | |
| *aka* **AFSHIN PARVARESH, an individual** | : | |
| | : | |
| **Defendant** | : | |

## OPINION & ORDER

The matter is before this Court on Plaintiff Aydin Aghdashloo's Motion for Default Judgment. (ECF No. 6). For the reasons that follow, Plaintiff's Motion for **DEFAULT JUDGMENT** is **DENIED** against Defendant Mohsen Parvaresh Mohseni and this matter is **DISMISSED** without prejudice for want of subject-matter jurisdiction.

### I. BACKGROUND

#### A. Alleged Defamatory Actions

Per the Complaint, Aghdashloo is an internationally recognized, Iranian-Canadian artist of modern art. (ECF No. 1 at ¶¶ 1-3). Aghdashloo's art is most widely known for reflecting loss, destruction of beauty, destruction of enlightenment, and for recreating classical works of art in a modern context. (ECF No. 6 at 2). Aghdashloo was involved in opening art museums in Iran, and following the 1979 Iranian Revolution, established a private art academy to provide continued access to the contemporary arts banned from "Islamicized" curriculums. (ECF No. 6 at 2). According to the Complaint, Aghdashloo's international and independent political views have made him a target of conservative, hardline factions within Iran that have a history of waging character assassinations on those considered opposed to the Iranian regime. (ECF No. 1 at ¶ 3).

Parvaresh is a blogger and investigative journalist focused on the Iranian arts. (ECF No. 6 at 3). Per the Motion for Default Judgment, Parvaresh's writings have appeared in Iranian, government-owned news agencies and typically criticize independent artists, such as Aghdashloo, of unethical and criminal conduct. (*Id.*). Aghdashloo alleges that Parvaresh makes his living by launching defamation campaigns against independent artists, which suggests that he is a "puppet reporter" paid by corrupt interests in the Iranian regime and art world. (ECF No. 1 at ¶¶ 6-7). Since September 5, 2020, Parvaresh has published the following statements about Aghdashloo in Persian on Parvaresh's social media accounts, which Aghdashloo alleges are defamatory:

- That Aghdashloo assaulted and raped numerous women, and then threatened them to ensure they remained silent;

- That Aghdashloo is a pedophile, who has had sexual relations with and raped underage students, and then threatened them to ensure they remained silent;

- That Aghdashloo raped his daughter;

- That Aghdashloo runs a sex trafficking operation with well-known Iranian art galleries;

- That Aghdashloo forged artwork by other artists, stole artwork from museums he has operated, and smuggled ancient, Iranian artifacts out of Iran;

- That Aghdashloo arranged sham auction sales to increase the value of his artwork and engaged in other corrupt and criminal conduct;

- That Aghdashloo lied about his familial heritage; and

- That Aghdashloo has collaborated with Iranian intelligence services. (ECF No. 1 at ¶ 45).

Aghdashloo alleges that these statements are false and greatly disparage and damage his reputation. (*Id.* at ¶¶ 46-59). Further, Aghdashloo claims that Parvaresh knew these statements were false when he published them because he had no credible information to support the statements. (*Id.* at ¶ 58). Aghdashloo believes that these statements were part of a premeditated attack by Parvaresh. (ECF No. 6-3 at ¶ 6). Aghdashloo alleges that Parvaresh is financially motivated to publish these statements on behalf of conservative, hardline factions within the Iranian regime and art world, and personally motivated to increase his online readership. (ECF No. 1 at ¶ 58). Aghdashloo's Declaration alleges that because of the dissemination of these falsehoods to Parvaresh's thousands of followers, Aghdashloo has been continuously harassed, his life and the lives of his family members have been threatened, and he was confined to his home for several months due to embarrassment. (ECF No. 6-3 at ¶¶ 9-20). Further, Parvaresh published the contact information of Aghdashloo's son and son-in-law, threatening the safety of his family. (*Id.* at ¶ 14). Aghdashloo feels extreme anxiety and pain because of this harassment and has contemplated killing himself "to relieve [his] family of having to endure this continuing horror." (*Id.* at ¶ 19). Finally, Aghdashloo alleges that he has lost several professional opportunities following Parvaresh's actions, including invitations to lecture and publicly display his art. (*Id.* at ¶ 22).

### B. Procedural History

Aghdashloo filed a Complaint against Parvaresh on June 15, 2021, alleging defamation and seeking general, special, and punitive damages. (ECF No. 1 at 13). Aghdashloo also requested a permanent injunction requiring Parvaresh to remove and delete the allegedly defamatory statements made about Aghdashloo from Parvaresh's social media accounts. (*Id.*). Aghdashloo invoked this court's subject-matter jurisdiction over the action pursuant to 28 U.S.C.

§ 1332(a). (ECF No. 1 at ¶ 16). The Complaint alleged that Aghdashloo is a Canadian citizen and resident of Toronto and that, "on information and belief", Parvaresh is a United States citizen. (*Id.*).

Parvaresh was personally served with Summons and Complaint on July 8, 2021, in Pittsburgh, Pennsylvania. (ECF No. 3). Parvaresh's answer to the Complaint was due on July 29, 2021, but Parvaresh did not respond to the Complaint by answer, motion, or otherwise. On August 6, 2021, Aghdashloo applied to the Clerk of this Court for Entry of Default against Parvaresh. (ECF No. 4). On August 18, 2021, the Clerk entered default against Parvaresh in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 5).

### C.  Motion for Default Judgment

On September 16, 2021, Aghdashloo submitted a Motion for Default Judgment against Parvaresh. (ECF No. 6). Aghdashloo requested the following relief: (1) a judgment finding that Parvaresh defamed Aghdashloo in violation of Ohio law; (2) $750,000 in damages to repair Aghdashloo's reputation through a corrective advertising campaign and to compensate for the humiliation and pain caused by Parvaresh; (3) and a permanent injunction requiring Parvaresh to delete the defamatory statements made about Aghdashloo from Parvaresh's social media accounts. (*Id.* at 2). Aghdashloo filed the Declaration of Craig Kronenberger in support of the damages sought. (ECF No. 6-2). Parvaresh did not respond.

On October 14, 2021, Aghdashloo filed a Reply Brief and Supplemental Evidence in Support of the Motion for Default Judgment, alleging that Parvaresh resumed publishing false statements about Aghdashloo on Parvaresh's social media accounts after filing and service of the Motion for Default Judgment. (ECF No. 7 at 1-3). In addition to the relief sought in the Motion for Default Judgment, Aghdashloo requested that this Court expand the permanent injunction to

4

include: (1) the allegedly defamatory statements Parvaresh made on his social media accounts following service of the Motion for Default Judgment; and (2) to enjoin Parvaresh from publishing any new defamatory statements about Aghdashloo on Parvaresh's social media accounts. (*Id.* at 2). Parvaresh did not respond to either motion. Accordingly, the matter is ripe for adjudication.

## II. DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs defaults and default judgments. The first step is entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). At that stage, all factual allegations of a complaint will be taken as true, except those related to damages. *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F. 4th 393, 403 (6th Cir. 2022); *see also Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) ("the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.") (internal quotation marks omitted).

"An entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). A "plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." (*Id.*) More fundamentally, however, this Court's subject-matter jurisdiction must be established "at the earliest possible moment." *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F. 4th 624, 627 (6th Cir. 2022). Without

5

subject-matter jurisdiction, "a federal court lacks authority to hear a case." *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007).

### A. Subject-Matter Jurisdiction

#### 1. Domicile

Diversity jurisdiction is lacking; therefore, this Court does not have authority to hear this case. While neither party has questioned jurisdiction, subject-matter jurisdiction may be raised sua sponte by this Court at any point during litigation. *Klepsky*, 489 F.3d at 268.

Diversity jurisdiction exists in a civil action for a natural person where the matter exceeds $75,000 and is between citizens of different States or between citizens of a State and foreign state. 28 U.S.C § 1332(a). To be a citizen of a State "within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). Domicile is not a matter of residency but requires a "physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

A plaintiff has the burden of alleging facts establishing a federal court's subject-matter jurisdiction. *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). Pursuant to Federal Rules of Civil Procedure 8(a), a pleading stating a claim for relief must contain "a short and plain statement of the court's jurisdiction." In pleading subject-matter jurisdiction, it is insufficient to allege that a party is simply a "citizen of the United States" without alleging citizenship in a specific state. 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1208 (4th ed. 2022). A natural person can be a citizen of the United States without being a citizen of any state, in which case diversity jurisdiction does not exist. *See Smith v. Queener*, 2018 WL 3344176, at

*1 (6th Cir. 2018) (finding that a United States citizen who was domiciled in Bermuda was "stateless" for purposes of 28 U.S.C. § 1332(a) because she had no intent to change her domicile to Alabama); *Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 932 (S.D. Ohio 2007) (concluding that simply because one party resided in Colorado part-time, did not mean she was a citizen of a state for diversity purposes and was actually domiciled in New Zealand).

Here, the Complaint, alleges that "[o]n information and belief, Parvaresh is a citizen of the United States." (ECF No. 1 ¶ 16). It fails to allege Parvaresh's citizenship in a specific state, however, as required by 28 U.S.C. § 1332, the Federal Rules of Civil Procedure, and Sixth Circuit case law. Aghdashloo alleges that he is a citizen of Canada and resident of Toronto. (*Id.*). Given Aghdashloo's foreign citizenship, to establish properly diversity jurisdiction in a United States federal court, Parvaresh must be a citizen of a state, domiciled in that state. 28 U.S.C. § 1332(a)(2). Aghdashloo has not provided this Court with sufficient information in the Complaint or Motion for Default Judgment to establish Parvaresh's citizenship in a specific state. Aghdashloo provided proof of service of process on Parvaresh to an address in Pittsburgh, Pennsylvania (ECF No. 3), but has not pled that Parvaresh is domiciled there. Further, this Court cannot come to its own conclusions as the record lacks any other information to indicate if Parvaresh is a citizen of any state, at all.

In the Motion for Default Judgment, Aghdashloo correctly asserts that "[i]n evaluating jurisdiction on a motion for default judgment, the Court must accept the Complaint's jurisdictional allegations as true." (ECF No. 6 at 7 (citing *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016)). In the default judgment context, the defaulting party is deemed to have admitted any allegation, other than those related to damages, where "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Subject-

matter jurisdiction, however, can never be "forfeited or waived" by a party to a litigation, even when done intentionally, because it refers to a court's power to hear a case. *Union Pac. R.R. Co. v. Bhd. Of Locomotive Eng'rs and Trainmen Gen. Comm. Of Adjustment Cent. Region*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Parvaresh did not waive this Court's subject-matter jurisdiction by failing to respond and address the allegation of his citizenship. Yet, it remains insufficient to plead only that Parvaresh is a "citizen of the United States" without more information regarding his domicile in a state. Therefore, this court cannot establish subject-matter jurisdiction based on diversity over this matter.

2. *"On Information and Belief"*

This Court acknowledges that Aghdashloo may not have personal knowledge of Parvaresh's domicile, resulting in the decision to plead Parvaresh's United States citizenship "on information and belief." (ECF No. 1 ¶ at 16; ECF No. 6 at 7). Pleadings on "information and belief" may be permissible where the plaintiff lacks personal knowledge of a fact, but: (1) has "sufficient data to justify interposing an allegation on the subject"; or (2) must rely on "information furnished by others." *Starkey v. JPMorgan Chase Bank, NA*, 573 Fed. Appx. 444, 447 (6th Cir. 2014) (quoting 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2012)).

The lion's share of federal authority, however, concludes that allegations of citizenship made on "information and belief" are insufficient to establish diversity jurisdiction. *See e.g., Jones v. Hamilton Cnty*, 2022 WL 4007608, at *5 (S.D. Ohio Sept. 2, 2022) (concluding Plaintiff failed to state a basis for the exercise of diversity jurisdiction where she alleged the diverse citizenship of the parties solely on "information and belief"); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F. 2d 1072, 2074 (7th Cir. 1992) (holding that affidavits alleging citizenship based on "the best of my knowledge and belief" are, by themselves, insufficient to show

8

citizenship in a diversity case); *Acuity Ins. Co. v. Pro Servs., Inc.*, 2012 WL 12941183, at *2 (W.D. Mich. Apr. 10, 2012) (finding that parties must first plead a "colorable basis for subject-matter jurisdiction" because of its importance, as "the federal courts generally do not allow a plaintiff to guess at citizenship and then to do discovery to confirm its hunches."); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2000) ("Allegations of federal subject-matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."); *cf. Sheikh v. York*, 2012 WL 1004853, at *2 (E.D. Mich. Mar. 26, 2012) (finding that "conclusory statements do not establish jurisdiction" where Plaintiff plead personal jurisdiction over defendant on "information and belief" that Defendant conducted business in Michigan).

Other circuits conclude that in "'unusual circumstances' a party need not affirmatively allege the citizenship of an opposing party," but have limited this conclusion to early stages of a proceeding. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086-87 (9th Cir. 2014) (reversing the district court's dismissal of a complaint without leave to amend where information needed to establish the diversity of citizenship of some of the defendants was not reasonably available, because the court would be able to better assess the diversity issue once "defendants have been served and had an opportunity to respond."); *Med. Assur. Co., Inc. v. Hellman*, 610 F. 3d 371, 376 (7th Cir. 2010) (finding it was sufficient for plaintiffs to plead "on information and belief" a *particular* state of citizenship for each claimant at the beginning of the litigation where the defendants had declined to challenge the plaintiffs' allegations) (emphasis added). While these circuits acknowledge the practical necessity to plead subject-matter jurisdiction issues on "information and belief" at certain stages of litigation, the above case law demonstrates that courts limit these types of pleadings to early stages of litigation and require parties who are United States citizens to plead a state of domicile.

9

Therefore, the weight of federal case law counsels this Court against accepting Aghdashloo's claim "on information and belief" that Parvaresh is simply a United States citizen, without a state of domicile, as sufficient to establish this Court's subject-matter jurisdiction based on diversity. Because subject-matter jurisdiction is lacking, this Court will not consider the merits of Aghdashloo's defamation claim at this time.

### III.  CONCLUSION

For the reasons stated above, Aghdashloo's Motion for Default Judgment (ECF No. 6) is **DENIED,** and this matter is **DISMISSED** without prejudice for want of subject-matter jurisdiction.

The Clerk **SHALL** attempt to serve this Opinion & Order or Mohsen Parvaresh Mohseni, via certified mail to 212 Peebles Street, Pittsburgh, PA 15221, and shall indicate so on the docket.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 30, 2022**

10